IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD RAYBOURNE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 3205 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| CIGNA LIFE INSURANCE COMPANY OF | ) | |
| NEW YORK, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

In this action brought pursuant to § 502(a)(1)(B) of the Employee Retirement Income

Security Act of 1974 ("ERISA") 29 U.S.C. § 1132(a)(1)(b), plaintiff Edward Raybourne seeks

long term disability benefits from defendant Cigna Life Insurance Company of New York, the

plan administrator of a long term disability income protection benefit plan sponsored by

plaintiff's former employer. The parties filed cross motions for summary judgment, and on

June 24, 2008, the court issued a memorandum opinion and order granting defendant's motion,

concluding that the arbitrary and capricious standard applied and that defendant's decision was

neither. See Raybourne v. Cigna Life Insurance Company of NY, 2008 WL 2782924 (N.D. Ill.

2008). In its opinion, the court indicated in a footnote that after the opinion had been prepared

but prior to its issuance the Supreme Court had issued Metropolitan Life Insurance Co. v. Glenn,

128 S.Ct. 2343 (2008), which involved similar facts and legal issues, and that nothing in Glenn

altered this court's opinion in the instant case. Raybourne, 2008 WL 2782924 at *5 n. 3.

Plaintiff appealed and the Seventh Circuit agreed that the abuse of discretion standard applies,[1]

---

[1] For purposes of ERISA actions arbitrary and capricious is synonymous with abuse of
(continued...)

but concluded that it could not determine whether this court had engaged in the "balancing analysis that <u>Glenn</u> requires with respect to a plan administrator's conflict of interest." <u>Raybourne v. Cigna Life Insurance Company</u>, 576 F.3d 444, 450 (7th Cir. 2009). The court vacated the judgment and remanded the case to this court to make the initial determination as to the impact of defendant's structural conflict of interest.

After remand, the parties filed supplemental memorandum of law discussing <u>Glenn</u>'s impact on the case. The court has reviewed those filings and, for the reasons set forth below, remands this case to the plan administrator.

## <u>DISCUSSION</u>[2]

Under the arbitrary and capricious standard, which the Seventh Circuit affirmed is applicable to this case, the court should overturn an administrator's denial of benefits only if that denial lacks any rational support in the record. <u>Raybourne</u>, 576 F.3d at 449; <u>Jenkins v. Price Waterhouse Long Term Disability Plan</u>, 564 F.3d 856, 861 (7th Cir. 2009). <u>Glenn</u>, clarified that courts should be aware of structural conflicts of interest in reviewing plan decisions for abuse of discretion. <u>Raybourne</u>, 576 F.3d at 449 (citing <u>Glenn</u>, 128 S.Ct. at 2348). Because in the instant case defendant was acting as a plan administrator that both adjudicated claims and paid the awarded benefits, it is clear that it was acting under a "structural conflict of interest" that must be considered by the court in reviewing the plan decision. <u>Id</u>.

---

[1](...continued)
discretion. <u>Raybourne v. Cigna Life Insurance Company</u>, 576 F.3d 444, 449 (7th Cir. 2009).

[2]Because the factual background is set out in this court's original opinion and the Seventh Circuit opinion, it will not be repeated here.

What is not so clear is just how the court is to consider the conflict of interest. Early Seventh Circuit cases interpreting <u>Glenn</u>, including the instant case, indicate that the conflict is but one factor among many that are relevant to the abuse of discretion analysis, "including whether the administrator over-emphasized medical reports that favored its decision and whether it gave its medical examiners all the relevant evidence." <u>Id.</u> at 449-50. <u>Glenn</u> suggested that the conflict should act as a tie breaker when the other factors are closely balanced. <u>Glenn</u>, 128 S.Ct. at 2351-52. <u>Glenn</u> did emphasize that courts should give additional weight to the structural conflict were the administrator has a history of biased claim administration or helped the claimant obtain a social security award it then disregarded, but also indicated that the conflict may be "less important (perhaps to the vanishing point) where the administrator has taken active steps to reduce potential bias and promote accuracy." <u>Id.</u> at 2351-52.

A later Seventh Circuit case, <u>Marrs v. Motorola, Inc.</u>, 577 F.3d 783, 788-89 (7th Cir. 2009), expressed discomfort with a standard "in which unweighted factors mysteriously are weighed," indicating that such a test "is not conducive to providing guidance to courts or plan administrators." <u>Marrs</u> adopted what it termed a "more direct" reading of <u>Glenn</u> that focuses on the gravity of a plan administrator's conflict of interest. <u>Majeski v. Metropolitan Life Insurance Co.</u>, ___ F.3d ___ 2009 WL 5088720 at *4 (7th Cir. 2009) (citing <u>Marrs</u>, 577 F.3d at 788-89). According to <u>Marrs</u>, "the gravity of the conflict, and thus the likelihood that the conflict influenced the plan administrator's decision, should be inferred from the circumstances of the case, including the reasonableness of the procedures by which the plan administrator decided the claim, any safeguards the plan administrator has erected to minimize the conflict of interest, and

the terms of employment of the plan administrator's staff that decides benefit claims." Majeski, 2009 WL 58088720 at *4 (quoting Marrs, 577 F.3d at 789).

It is not entirely clear how the two approaches differ, because in the long run the ultimate decision for this court to make is whether the conflict of interest influenced the decision of the plan administrator, indicating that the decision would lack any rational support in the record. In its original opinion, the court indicated that it was disturbed that the defendant had encouraged plaintiff to seek social security disability benefits and provided plaintiff with an advocate for that purpose, and then ultimately denied benefits even after the Social Security Administration's finding of disability. In its opinion the Seventh Circuit indicated that defendant's "advocacy of a disability finding before the SSA should have been treated as a 'serious concern' for the court to consider in weighing whether [defendant's] structural conflict rendered its denial of benefits arbitrary," and that "after weighing [defendant's] conflict together with factors such as its pursuit of the social security award and its willingness to discount Raybourne's subjective complaints, the court might view Raybourne's case as borderline." Raybourne, 576 F.3d at 450.

Even giving added weight to the structural conflict under which defendant operated, there is nothing in the record from which the court could infer that the conflict influenced defendant's decision. It is true that Glenn gave more weight to the plan administrator's conflict of interest because the administrator had first encouraged the claimant to file for Social Security benefits, then received the bulk of the benefits and ignored the Social Security Administration's finding when determining whether the claimant was entitled to benefits under the plan. Glenn, 128 S.Ct. At 2352. In the instant case, however, plaintiff was twice denied Social Security benefits (based in part on notes in the reports of plaintiff's treating physician that plaintiff's subjective pain

complaints were inconsistent with his symptoms) and had been denied Social Security benefits when the plan administrator made the initial determination to deny plan benefits. It was months later that the ALJ overturned the initial decision to deny social security benefits, and that ALJ did not have the benefit of the independent medical examination performed by Dr. Player which again indicated that plaintiff's subjective pain complaints were inconsistent with his symptoms.

The very fact that the plan administrator hired an independent medical examiner at a time when Social Security benefits had already been denied is evidence that the plan administrator took some safeguard procedures to minimize the conflict. Nevertheless, the decision denying plaintiff's final appeal made no mention of the award of Social Security benefits and provided no explanation as to why the administrator disagreed with that decision. This lack of explanation, in light of the structural conflict of interest, is insufficient to meet ERISA's requirement that specific and understandable reasons for a denial be communicated tot eh claimant. 29 U.S.C. § 1133; Love v. National City Corp. Welfare Benefits Plan, 574 F.3d 392, 396-8 (7th Cir. 2009). When an administrator fails to make adequate findings or fails to provide an adequate reasoning, the proper remedy in an ERISA case is to remand for further findings or explanations. Id. at 398. Accordingly, this matter is remanded to the plan administrator for further proceedings consistent with this opinion.

**ENTER:** **February 8, 2010**

_____
**Robert W. Gettleman**
**United States District Judge**