IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD RAYBOURNE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 3205 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| CIGNA LIFE INSURANCE COMPANY OF NEW YORK, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

In an action brought under § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(b), plaintiff Edward Raybourne sought long term disability benefits from defendant CIGNA Life Insurance Company of New York, the Plan Administrator of a long term disability income protection benefit plan sponsored by plaintiff's former employer. The court initially granted summary judgment to defendant, concluding that the arbitrary and capricious standard applied and that defendant's decision denying benefits was neither. Raybourne v. CIGNA Life Insurance Co. of New York, 2008 WL 2782924 (N.D. Ill. 2008). On appeal, the Seventh Circuit agreed that the arbitrary and capricious standard applied, but vacated the judgment and remanded the case to this court to consider more fully the Supreme Court's opinion in Metropolitan Life Insurance Co. v. Glenn, 554 U.S. 105 (2008), which had issued just days before this court's opinion.

On remand, this court reviewed Glenn's impact and Seventh Circuit case law on Glenn's application to cases such as the instant case, and then remanded the case to the Plan Administrator for further explanation why the Administrator had rejected the decision of the Social Security Administration to award disability benefits. Raybourne v. CIGNA, 2010 WL

529449 (N.D. Ill. 2010). After the Administrator issued a supplemental decision again denying benefits, plaintiff moved this court for entry of judgment. The court granted that motion, rejecting as illogical the Administrator's conclusion that it was possible for the claimant to be fully disabled under the Social Security Act but not under the Plan's definition of disability, which the court found to be functionally equivalent. Finally, after giving added weight to the structural conflict and considering defendant's refusal to give any weight to the factors on which the Social Security Administration's Administrative Law Judge based his decision to grant plaintiff's claim for disability benefits, the court concluded that the conflict tipped the balance in favor of finding that defendant's denial of benefits were arbitrary. The court awarded plaintiff full benefits as sought in the complaint.

Plaintiff now moves for an award of attorneys' fees under 29 U.S.C. § 1132(g). The parties have agreed on both the amount of fees sought as well as the requested hourly rate should the court determine that fees are appropriate. Defendant challenges the propriety of an award of fees and, in the event of such an award, argues that fees should be limited to those incurred in what it terms the "final phase" of the litigation. For the reasons discussed below, plaintiff's motion is granted in its entirety.

## **DISCUSSION**

Section 502(g)(1) of ERISA provides that "the court in its discretion may allow a reasonable attorneys' fees and costs of action to either party." 29 U.S.C. § 1132(g)(1). Prior to the Supreme Court's decision in Hardt v. Reliance Standard Life Insurance Co., __ U.S. __, 130 S.Ct. 2149 (2010), the Seventh Circuit used a two-step process to determine the propriety of a request for fees under ERISA. First, to qualify for an award, the claimant had to show it was the

"prevailing party." Next, the court applied a five-factor test to determine whether fees should be awarded. See e.g., Janowski v. Int. Brotherhood of Teamsters, 673 F.2d 931, 940 (7th Cir. 1982) (vacated on other grounds). In Bittner v. Sadoff & Rudoy Industries, 728 F.2d 820, 828-30 (7th Cir. 1984), the court held that fees should be awarded to the prevailing party unless the loser's position had "substantial justification." In Sullivan v. Randolph, 504 F.3d 665, 672 (7th Cir. 2007), the Seventh Circuit noted that the five-factor test is at most "a checklist of factors for the district judge to consider to make sure he hasn't overlooked anything that might be relevant to the appropriateness or size of the award." The court added that the five-factor test adds little to the simple substantial justification test and "perhaps has outlived its usefulness." Id.

The test nonetheless survived, either alone or in conjunction with the substantial justification test, at least until the Supreme Court's decision in Hardt changed the entire landscape by expressly overruling the "prevailing party" requirement and holding that a court may award fees under ERISA when a claimant has achieved "some degree of success on the merits." Hardt, 130 S.Ct. at 2152. Some degree of success is something greater than a "trivial success on the merits" or a "purely procedural victory." Id. at 2158. The standard is satisfied if the court can "fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquiry into the question whether a particular party's success was substantial or occurred on a central issue." Id. (Omitting internal quotations and citations).

The "some degree of success" standard is used to determine whether a claimant is eligible for fees. Once eligibility is established it is still up to the court's discretion to determine whether an award is appropriate. The Hardt Court neither adopted nor foreclosed the use of the five-factor test to guide the court's discretion. Id. at 2158 n.8.

3

In the instant case, plaintiff has obviously achieved "some degree of success on the merits" and is eligible for fees. Indeed, plaintiff has achieved a total victory, having been awarded full benefits, and qualified as a "prevailing party" under the old standard. Defendant argues that the court should nonetheless apply either the five-factor test or the substantial justification test and deny fees altogether. The court rejects defendant's position. It is difficult to imagine the continued futility of the substantial justification test in light of Hardt's adoption of the "some degree of success" standard. As Magistrate Judge Denlow stated in Young v. Verizon's Bell Atlantic Cash Balance Plan, __ F. Supp.2d __ 2010 WL 4226445 at *10 (N.D. Ill.):

> Because "some success" represents the new threshold to an ERISA fee award, the substantial justification test makes little sense. If one party has experienced only some success, then the opposing party, almost by definition, has also achieved some success. If so, the opposing party's position will often be non-frivolous – that is, substantially justified. Applying a substantial justification test where the threshold for fee eligibility is only some success therefore undermines the broader eligibility for fees that should exist when the fee provision lacks a "prevailing party" requirement.

Additionally, because the Seventh Circuit considers the five-factor test to be used simply to implement the substantial justification test, see Sullivan, 504 F.3d at 672, its continued utility is also questionable. Even if Judge Denlow is correct that the five-factors represent a broader inquiry than the substantial justification test, Young, 2010 WL 4226445 at *11, application of the factors weighs in favor of an award of fees. The first factor, the degree of culpability or bad faith of the offending party bears little on the issue, although the court did find that defendant was acting under a conflict that affected its decision. The second factor, the ability to pay, weighs in favor of an award. Defendant obviously has the ability to satisfy any award ordered. The third factor, whether an award might deter others acting under similar circumstances also

4

favors plaintiff. Other plan administrators are more likely to be conscious of structural conflicts if they face fee awards in addition to being required to pay benefits. The fourth factor, benefit to other members of the pension plan, is largely irrelevant in an individual dispute such as the instant case, although defendant is more likely to take into account the Social Security Administration's decisions to award benefits after the instant case. Finally, the fifth factor (relative merit) is, as <u>Sullivan</u> noted, 504 F.3d at 672, "an oblique way of asking whether the losing party was substantially justified," and should be disregarded. <u>Young</u>, 2010 WL 4226445 at *11. Consequently, whether or not the substantial justification or five-factor test remain viable, plaintiff is entitled to fees.

Finally, defendant argues that the case should be divided into distinct phases and that plaintiff should be awarded fees for the last phase only, where the court granted plaintiff's ultimate victory. The court again disagrees with defendant's position. This case, unlike <u>Young</u> for example, was not litigated in distinct phases. Plaintiff brought a claim for disability benefits. He had one claim and one theory throughout. He won a total victory, although he had to get this court's initial summary judgment reversed to do it. Plaintiff's motion for attorneys' fees in the amount of $97,467.50 and costs in the amount of $1,111.40 is granted.

## **CONCLUSION**

For the reasons discussed above, plaintiff's motion for attorneys' fees is granted.

**ENTER:** February 8, 2010

_____
**Robert W. Gettleman
United States District Judge**

5